(R.D. 11308)

NORMAN IMPORT & EXPORT COMPANY, INC. *v.* UNITED STATES

Entry Nos. 212922; 211496.

(Decided May 23, 1967)

*Stein and Shostak* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval

of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1. That on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or in the absence of sales freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the f.o.b. invoice unit values, net packed, but not including the commissions set forth on the invoices.

2. That the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not identified in the Final List published by the Secretary of the Treasury in T.D. 54521, pursuant to the Customs Simplification Act of 1956, T.D. 54721, effective February 27, 1958.

3. That all the merchandise covered by the appeals for reappraisement was entered for consumption subsequent to February 27, 1958.

4. That these appeals for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved and that such values for the involved merchandise were the f.o.b. invoice unit values, net packed, but not including the commissions set forth on the invoices herein.

Judgment will issue accordingly.